1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRENCE BROWNLEE,

11              Petitioner,              No. CIV-S-10-0925 LKK KJM P

12        vs.

13   TOM FEILKEN,

14              Respondent.             ORDER AND

15   _____/      FINDINGS AND RECOMMENDATIONS

16              Petitioner is a California prisoner proceeding pro se with an application for writ

17   of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges his sentence imposed in 1980

18   for murder.  In a § 2254 action, relief is only appropriate if the petitioner shows he is in state

19   custody in violation of federal law.  28 U.S.C. § 2254(a).

20              The operative petition before the court is the amended petition filed by petitioner

21   on July 17, 2009.  The court construes that petition to contain the following allegations of

22   custody in violation of federal law:  Petitioner has been held in prison past the fifteen year term

23   he agreed to serve in his plea agreement, in violation of the Due Process Clause of the

24   Fourteenth Amendment.  At his September 20, 2006 parole hearing, petitioner's counsel violated

25   petitioner's Sixth Amendment right to effective assistance of counsel by failing to present

26   /////

1    evidence to the Board of Prison Terms indicating petitioner had served the sentence of

2    imprisonment he agreed to serve in his plea agreement.

3            Respondent's July 12, 2010 motion to dismiss is before the court.  In the motion,

4    respondent argues that this matter should be dismissed because it is successive under 28 U.S.C.

5    § 2244.  It is true that petitioner has another petition for writ of habeas corpus pending in this

6    court, case no. CIV-S-09-2521 LKK KJM P.  However, that action was commenced on

7    September 1, 2009.  Because this action was commenced earlier, in April 2009, it is not

8    successive.  In any event, the only claim in CIV-S-09-2521 LKK KJM P upon which petitioner

9    may proceed is the same as claim one identified above.  In a separate order the court will file in

10   CIV-S-09-2521 LKK KJM P, the court will recommend that CIV-S-09-2521 LKK KJM P be

11   dismissed as duplicative.

12           Respondent also argues this action is time-barred.  A one-year limitations period

13   applies to an application for a writ of habeas corpus by a person in custody pursuant to the

14   judgment of a State court.  The limitation runs from the latest of

15           (A) the date on which the judgment became final by the conclusion
16           of direct review or the expiration of the time for seeking such
             review;

17           (B) the date on which the impediment to filing an application
             created by State action in violation of the Constitution or laws of
18           the United States is removed, if the applicant was prevented from
             filing by such State action;
19

20           (C) the date on which the constitutional right asserted was initially
             recognized by the Supreme Court, if the right has been newly
             recognized by the Supreme Court and made retroactively
21           applicable to cases on collateral review; or

22           (D) the date on which the factual predicate of the claim or claims
             presented could have been discovered through the exercise of due
23           diligence.

24   28 U.S.C. § 2244(d)(1).  The limitations period is tolled, however, for the time a properly filed

25   application for post-conviction relief with respect to the pertinent judgment or claim is pending

26   in the state court.  See 28 U.S.C. § 2244(d)(2).

1   With respect to petitioner's first claim, petitioner was aware of the factual

2   predicate at some point in 1995 when petitioner was not released from prison after serving

3   fifteen years.  However, the limitation period could not have commenced under 28 U.S.C.

4   § 2244(d)(1)(D) until the statute of limitations was enacted on April 24, 1996.  See Calderon v.

5   United States District Court  (Beeler), 128 F.3d 1283, 1286-87 (9th Cir. 1997).

6   This action was commenced on April 8, 2009.[1]  Petitioner does not point to facts

7   indicating that the limitations period was tolled for the nearly thirteen years that would be

8   needed to save his first claim despite the fact that it is his burden to do so.  Smith v. Duncan, 297

9   F.3d 809, 814 (9th Cir. 2002).  Therefore, claim one should be dismissed.

10   As for claim two, the limitations period began at the latest under § 2244(d)(1)(D)

11   when the decision on September 20, 2006, to deny petitioner parole became final.  See Redd v.

12   McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003).  The decision to deny petitioner parole

13   became final on January 18, 2007, 120 days after the denial.  See Cal. Code Regs. tit 15, § 2043.

14   The limitations period commenced, at the latest, the next day.  It is arguable the limitations

15   period was tolled until April 11, 2007, because between January 18, 2007 and April 11, 2007,

16   petitioner's application for writ of habeas corpus, including claim two, was pending before the

17   California Supreme Court.  Mot. to Dismiss, Exs. 2 & 3.  There does not appear to be any basis

18   to toll the limitations period past April 11, 2007, however.  Because this action was not filed in

19   this court until April 8, 2009, claim two also is time-barred.

20   /////

---

22   [1]  A document is deemed filed in a § 2254 action for purposes of the statute of limitations
23   when the document is delivered to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 270 (1988).  Petitioner delivered his original habeas corpus petition to prison officials for mailing on April 8, 2009.  April 14, 2009 Application to Proceed In Forma Pauperis at 5.
24   Also, as indicated above, the amended petition containing the second claim was filed in July 2009.  For purposes of the statute of limitations analysis here, the court assumes without deciding
25   that the claims in the amended petition "relate back" to the date the original petition was filed under Federal Rule of Civil Procedure 15(c), giving petitioner the benefit of the "relation back" rule
26   without changing the outcome of respondent's motion to dismiss.

1   For these reasons, petitioner's application for writ of habeas corpus should be
2   dismissed as time-barred.

3   Petitioner also has three motions pending (docket entries #46, #50, #51 and #56).
4   In light of the court's recommendation that this action be dismissed, and good cause appearing,
5   the motions will be denied.

6   Accordingly, IT IS HEREBY ORDERED that plaintiff's outstanding motions
7   (docket entries #46, #50, #51 and #56) are denied; and

8   IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (#36) be
9   granted and this case be closed.

10   These findings and recommendations are submitted to the United States District
11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
12   one days after being served with these findings and recommendations, any party may file written
13   objections with the court and serve a copy on all parties.  Such a document should be captioned
14   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
15   shall be served and filed within fourteen days after service of the objections.  The parties are
16   advised that failure to file objections within the specified time may waive the right to appeal the
17   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18    DATED:  November 9, 2010.

19
20   _____
21   U.S. MAGISTRATE JUDGE
22
23
24
25
26

1
brow0925.157

4